UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON BOWERS and CASI BOWERS, ) ) Plaintiffs, ) ) VS. ) ) CHUBB LLOYD'S INSURANCE ) COMPANY OF TEXAS, ) ) Defendant. ) | CIVIL ACTION NO. 3:20-CV-1684-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiffs' motion to remand this case to the state court from which it was removed.  Petitioner Jason Bowers and Casi Bowers['s] Motion to Remand ("Motion") (docket entry 10).  For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

#### A. Factual Background

The following facts are undisputed unless otherwise noted.

The plaintiffs Jason and Casi Bowers ("plaintiffs") are residents of Dallas County, Texas.  Plaintiffs' Original Petition ("Petition") (docket entry 10-1) ¶ 2.  The plaintiffs own the residential property located at 7515 Greenbriar Drive, Dallas, Texas 75225 ("the property").  *Id.* ¶ 12.  The plaintiff also owned an insurance policy

("the policy") that covered the property and was issued by the defendant Chubb Lloyd's Insurance Company of Texas ("Chubb"). *Id.*

The plaintiffs allege that on or about April 6, 2018, during the term of the policy's coverage, a wind and hail storm caused substantial damage to the property. *Id.* ¶ 13. The plaintiffs subsequently submitted a claim for damages under the policy to Chubb. *Id.* Thereafter, Chubb retained the defendant Bernard Dang ("Dang") to adjust the plaintiffs' claim. *Id.* ¶ 14; Defendant Chubb Lloyd's Insurance Company of Texas' Notice of' Removal ("Notice of Removal") (docket entry 1) ¶ 12.

On March 29, 2019, the plaintiffs received a letter from Dang, sent on behalf of Chubb, denying the plaintiffs' claim. Motion ¶ 3. The plaintiffs allege that "Dang conducted an improper and inadequate investigation of the claim, failed to properly evaluate the storm-caused damages, and repeatedly misled [the plaintiffs] about his investigation." *Id.*

## B. Procedural Background

On July 28, 2019, prior to filing this lawsuit, the plaintiffs provided the defendants with the pre-suit notice required by section 542A.003 of the Texas Insurance Code.[1] Petition ¶ 10; Motion ¶ 4. Then, on October 22, 2019, the plaintiffs filed their original petition in Dallas County District Court ("the state

---

[1] Unless otherwise noted, all references to code sections in this memorandum opinion refer to the Texas Insurance Code.

court"), asserting a claims for breach of contract against Chubb, Petition ¶ 38, and claims for breach of the duty of good faith and fair dealing and violations of various provisions of the Texas Insurance Code against Chubb and Dang, *id.* ¶¶ 38, 51.

On March 17, 2020, Chubb filed a "post-suit election to accept unconditional responsibility for whatever liability Dang might have to [the plaintiffs]" pursuant to section 542A.006 of the Texas Insurance Code. Defendant's Brief in Support of Response in Opposition to Plaintiffs' Motion to Remand ("Response") (docket entry 12) ¶ 4; see Motion ¶ 5. On April 21, 2020, the defendants filed a motion to dismiss all of the plaintiffs' claims against Dang pursuant to section 542A.006. Motion ¶ 5. On May 28, 2020, the state court dismissed plaintiff's claims against Dang with prejudice pursuant to section 542A.006. Response ¶ 4; Motion ¶ 5. Accordingly, Chubb is the sole defendant remaining in this case.

Chubb removed this case to federal court on June 24, 2020. See Notice of Removal. On July 24, 2020, the plaintiffs filed the instant motion to remand this case to the state court from which it was removed. *See* Motion. On August 14, 2020, Chubb filed its response in opposition to the motion, *see* Response, and on August 28, 2020, the plaintiff filed a reply in support of their motion, *see* Plaintiffs Jason Bowers and Casi Bowers; Reply in Support of Plaintiffs' Motion for Remand ("Reply") (docket entry 13). Accordingly, the plaintiffs' motion to remand is ripe for decision.

II. ANALYSIS

By their motion the plaintiffs assert that, because Dang is a citizen of Texas and was properly joined as a defendant at the time that this action was filed in state court, Chubb is precluded from removing this case to federal court under 28 U.S.C. § 1441(b)(2). Motion ¶¶ 10-11; 28 U.S.C. § 1441(b)(2) (A civil case that is removable solely based on diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Here, it is undisputed that Dang is a citizen of Texas and that the sole basis for removal is diversity of citizenship. Chubb asserts, however, that removal was proper in this case because Dang's citizenship should be ignored under the Fifth Circuit's opinion in *Hoyt v. Lane Construction Corp.*, 927 F.3d 287 (5th Cir. 2019), and Chief Judge Lynn's opinion in *Barnes Burk Self Storage, LLC v. United Fire & Casualty Co.*, No. 7:19-CV-00099-M, 2019 WL 6717590 (N.D. Tex. Dec. 10, 2019) (Lynn, Chief J.). Response at 2-3. For the reasons that follow, the court agrees with Chubb.

A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a).  Section 1441 allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). 28 U.S.C. § 1446 allows a defendant to remove a case that becomes removable some time after the initial pleading is filed.  28 U.S.C. § 1446(b)(3).  "Removability is subject to the voluntary-involuntary rule: '[A]n action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'" *Barnes Burk*, 2019 WL 6717590, at *1 (quoting *Hoyt*, 927 F.3d at 295). Generally, if a case becomes removable by any means other than the voluntary act of the plaintiff, the case must be remanded upon removal.  The Fifth Circuit, however, has "promulgated a narrow but clear exception to the voluntary-involuntary rule," *id.* at *2: "When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, . . . the voluntary-involuntary rule [is] inapplicable." *Hoyt*, 927 F.3d at 297.

## B. Application

The narrow issue before the court is whether the state court's order dismissing Dang from this suit with prejudice pursuant to section 542A.006 is reversible on appeal, thus rendering the *Hoyt* exception to the voluntary-involuntary rule inapplicable.  If the *Hoyt* exception applies, Dang's citizenship is to be disregarded in determining whether an exercise of removal jurisdiction is appropriate in this case.

See *Hoyt*, 927 F.3d at 297.  Because the plaintiffs did "not oppose dismissal of . . . Dang pursuant to the Texas Insurance Code" before the state court,[2] and raise no argument as to the appealability of Dang's dismissal before this court,[3] the matter is open and shut: the state court's order dismissing Dang created complete diversity among the parties and cannot be reversed on appeal, and the *Hoyt* exception to the voluntary-involuntary rule applies.

The plaintiffs attempt to distinguish the present case from *Hoyt* by noting a difference between the procedural posture in this case and the procedural posture in *Hoyt*.  In *Hoyt*, the Fifth Circuit held that the district court had properly disregarded the citizenship of a non-diverse defendant who had been dismissed from the suit in state court prior to removal.  *See* 927 F.3d at 297.  The defendant in question had been dismissed by the state court after winning summary judgment as to all of the plaintiff's claims.  *Id.* at 291.  In articulating an exception to the voluntary-involuntary rule, the *Hoyt* court concluded that the district court had been correct to disregard the non-diverse defendant's citizenship upon removal because "the state court's dismissal of [the defendant] could not be reversed on appeal."  *Id.* at 297.

---

[2]    Plaintiffs' Response to Defendant Chubb Lloyd's Insurance Company of Texas' Motion to Dismiss Defendant Bernard Nguyen Dang (docket entry 10-5) ¶ 1 ("Plaintiffs in this case do not oppose dismissal of Adjuster Bernard Nguyen Dang pursuant to the Texas Insurance Code.").

[3]    *See* Reply at 3 (The plaintiffs argue that "[t]he appealability of the election is not what dictates the proper removal based on an involuntary dismissal[,]" but do not assert that the state court's order dismissing Dang is subject to appeal).

Here, the non-diverse defendant, Dang, was dismissed from this action by the state court pursuant to section 542A.006 of the Texas Insurance Code. Motion ¶ 2. The plaintiffs argue that Dang's dismissal in state court pursuant to section 542A.006 "was not based upon the merits, and therefore, [that] the exception illustrated in *Hoyt* to the voluntary-involuntary rule does not apply." Reply ¶ 3. The court finds the plaintiffs' argument unpersuasive for two reasons.

First, in *Barnes Burk*, Chief Judge Lynn held that the *Hoyt* exception applied in a case where the procedural posture mirrored the procedural posture of the case at bar. *See* 2019 WL 6717590, at *1 (finding the *Hoyt* exception applicable where a non-diverse defendant was dismissed pursuant to section 542A.006 before the case was removed to federal court and the state court's order of dismissal was unappealable). Because the procedural posture of the present case is indistinguishable from that of *Barnes Burk* for all purposes relevant to the instant motion, the court is leery to part ways with Chief Judge Lynn's sound reasoning in *Barnes Burk*.[4]

Second, even if the court were to disregard the *Barnes Burk* case, the court finds that *Hoyt* controls the disposition of the present motion. The plaintiffs make much

---

[4] The plaintiffs all but concede that their motion fails if the court rules consistently with the holding in *Barnes Burk*. Reply ¶ 4 (declining to distinguish *Barnes Burk* and asserting instead that the *Barnes Burk* "decision was based on a misapplication of the language in *Hoyt*").

of the fact that the non-diverse defendant in *Hoyt* was dismissed from the case on the merits, whereas here, Dang was dismissed pursuant to section 542A.006. The court finds this distinction inconsequential. The exception to the voluntary-involuntary rule articulated in *Hoyt* is as follows: "When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable." *Hoyt*, 927 F.3d at 297. Although the state court order that created complete diversity between the parties in *Hoyt* was an order granting summary judgment in favor of a non-diverse defendant on the merits, *id.* at 291, *Hoyt* does not mandate that the state court order that creates diversity be an order on the merits for the exception to the voluntary-involuntary rule to apply. Rather, all the *Hoyt* exception requires is that the state court order create complete diversity among the parties to a suit and that the order cannot be reversed on appeal. *Id.* at 297. Accordingly, although the nature of the state court's dismissal order in this case differs from that of the dismissal order at issue in *Hoyt*, the court concludes that this difference is inconsequential and that the *Hoyt* exception applies.

In summary, consistent with the exception to the voluntary-involuntary rule articulated in *Hoyt* and with Chief Judge Lynn's holding in *Barnes Burk*, the court concludes that the *Hoyt* exception applies in this case, Dang's citizenship should be disregarded for purposes of removal jurisdiction, and this case is properly before the court.

### III. CONCLUSION

For the reason's stated above, the plaintiffs' motion to remand is **DENIED**.

**SO ORDERED**.

September 24, 2020.

_____
A. JOE FISH
Senior United States District Judge